ON REHEARING
We reinstate our original decision, reversing the judgment of the trial court. As, plaintiff in this suit, Greyhound Lines, Inc. had the burden of proving by a preponderance of the evidence that the defendants were liable to it. Greyhound has failed to carry its burden. The record reflects that the collision which caused the damages to Greyhound occurred due to the concurrent negligence of Gaudet and the driver of the bus.
The claim of Greyhound arises out of the following set of facts: At about 6:30 a.m. *875 on the morning of August 11,1978, Jackson Gaudet’s truck and the Greyhound bus collided at the intersection of Honduras and Lafayette Streets in Houma, Louisiana. Gaudet was killed and the bus was damages, as a result of the collision. The traffic light controlling this intersection was non-operative at the time of the accident, having been turned off by an unknown third party. Before the accident, the Hou-ma Police Department had responded to a call reporting a problem with the signal light and found the power switch had been turned off. At that time, the police turned on the light; but when the accident happened, the switch had again been turned off by some unknown person. The evidence shows that Gaudet was traveling in an easterly direction on Honduras Street and was driving a truck provided by his employer, Patterson and Edmonson Construction Company, Inc. while the bus, being operated by Laverna (Myrna) Zulevich (Greyhound’s employee) was proceeding southerly on Lafayette Street, a north-south roadway. There were several traffic signals along the bus’ route. Ms. Zulevich testified that she was going between 25 and 30 mph and had approached within two car lengths of the intersection when she noticed that the signal light was off. She removed her foot from the power throttle, but did not attempt to apply the brakes. When the bus was about three and one-half feet from the intersection, she saw the Gaudet truck also approaching the intersection on the other roadway, coming from around a building located on the corner at the intersection. The bus operator swerved left in an effort to avoid the collision. Despite her efforts, the bus and truck collided, with the point of impact being at the driver’s door of the truck. Following impact, the truck skidded through the intersection and slammed into the Green Door Lounge, a nearby bar, causing damage to the bar. Police and ambulance service arrived on the scene shortly thereafter. Gaudet was removed to the hospital, where he died soon after arrival. No other person was seriously injured; however, there was considerable property damage to the bar and to both vehicles.
The trial judge, for oral reasons dictated in the record, granted Greyhound a judgment for its damages. The judge found that Lafayette Street, being a north and south street, was the preferred street entitling the bus to the right of way. This decision was based on Houma Ordinance Section 22-24, which provides:
Except as otherwise designated in accordance with subsection (b) hereof, all streets running in a northerly and southerly direction are hereby declared to be a right-of-way or through streets.
Subsection (b) of this ordinan’ce sets forth the means of designating and controlling streets and intersections, one of which is thé placement of a traffic light. Once a street has been equipped with a signal light, motorists traveling thereon are required to obey the signal. Lafayette, although a north-south street, is controlled by a signal light and is, thus, excepted from the cited section of the ordinance.
We find that the case of Soprano v. State Farm Mutual Automobile Insurance Company, 165 So.2d 308, 311 (La.1964), is applicable to the present situation. The Soprano Court established:
Once a municipality has erected a four-sided automatic signal device at an intersection such as this, [statutory traffic designations] are no longer applicable so long as that device remains visible to an ordinary, observant motorist whether it is functional or not.... Should the device become non-operative, as in this case, the duty of an approaching motorist is then to exercise extreme caution at such an intersection and not to proceed therein until he ascertained that he can negotiate the intersection with safety.
A duty of extreme caution is imposed upon a motorist approaching an intersection with a non-operative traffic light. A motorist entering such an intersection without slowing down or stopping to ascertain whether the crossing can be negotiated safely is said to be imprudent and his actions constitute negligence in legal con *876 templation. Soprano v. State Farm Mutual Automobile Insurance Company.
The record establishes that Gau-det should have seen the approaching bus, and his attempt to cross the intersection in view of the approaching bus clearly constitutes negligence. He breached the duty of extreme caution owed by him to other motorists in entering this intersection when it apparently could not be traversed in safety. The same duty of extreme caution was owed by the driver of the Greyhound bus. As the traffic light at this intersection was noh-operative, the driver of the bus had a duty to slow or stop, and not to proceed or to proceed with caution until she ascertained that it was safe to traverse the intersection. The testimony of Zulevich merely establishes that she took her foot off the power throttle when she saw the signal light was not functioning. Her action under the circumstances does not fulfill the duty of extreme caution owed by her. Like Gaudet, the bus driver caused this accident when she breached the duty of stopping or slowing and proceeding into the intersection only when it could be safely crossed.
Greyhound, in this action, sought to recover property damages resulting from the collision, and was awarded such damages by the trial court. Since the evidence in the record shows that the collision was the fault of Greyhound and Gaudet conjointly, the trial judge erred in making an award to Greyhound, the plaintiff herein. Recovery by Greyhound for its damages will be denied.
Accordingly, for the above and foregoing reasons, the judgment of the district court awarding damages to Greyhound is reversed, and the demands of Greyhound Lines, Inc. are dismissed.[1] Costs of this appeal are to be borne by Greyhound Lines, Inc.
REVERSED.

. Our granting of Greyhound’s request to remand in the companion cases of Hebert, 432 So.2d 872 (La.App. 1 Cir. 1982), and Woolens, 432 So.2d 876 (La.App. 1 Cir. 1982), does not affect Greyhound’s failure to present sufficient evidence in its behalf to prove the question of liability in the instant case. LSA-C.C.P. art. 1810 does not suggest that a party plaintiff can avail himself of another opportunity to prove his case in the event a directed verdict is reversed on appeal. It is only to a party defendant that an opportunity is granted to put on his case, under such circumstances.